IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA RUEDA, MARCO HERNANDEZ, VICENTE DE LA SANCHA, JAHAZIEL CHAVEZ, AND NOE DE LA SANCHA, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br>     PLAINTIFFS <br><br> v. <br><br> TECON SERVICES, INC. <br>     DEFENDANT | § § § § § § § § § § § | CIVIL ACTION NO. _____ <br><br><br> COLLECTIVE ACTION <br> (JURY DEMANDED) |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Plaintiffs Maria Rueda, Marco Hernandez, Vicente de la Sancha, Jahaziel Chavez, and Noe de la Sancha Martinez (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated and file this Original Complaint against Tecon Services, Inc. ("Defendant" or "Tecon") and in support thereof would show as follows:

### INTRODUCTION

1. Plaintiffs, on behalf of themselves and all others similarly situated, bring this collective action against Defendant to recover unpaid minimum wages, overtime compensation and all other damages and relief allowed pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. This case involves violations of Title 29, Chapter 8, the Fair Labor Standards Act ("FLSA").

3. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and pre-judgment and post-judgment interest for

Defendant's willful failure to pay minimum wages and/or overtime compensation pursuant to the FLSA for Plaintiffs, and all others similarly situated, in the course of their employment with the Defendant.

4. Plaintiffs and all others similarly situated demand a jury trial.

## PARTIES

5. Plaintiffs are all individuals who reside within the Southern District of Texas, Houston Division, and their notices of consent are attach hereto and are being filed simultaneously herewith.

6. The "Members of the Class" are all current and former employees of who worked as manual laborers without minimum wage compensation and/or overtime compensation during the three-year period preceding the filing of this complaint. Like Plaintiffs, these persons engaged in commerce or in the production of goods for commerce in the performing of their duties for Defendant. These similarly situated persons are referred to as "Members of the Class," "the Class," or "similarly situated."

7. Defendant Tecon Services, Inc. is a Texas corporation that does business in the state of Texas and Houston. Tecon Services, Inc. may be served with a Summons and this Complaint through its registered agent: CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

9. Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. §1391(a) and (b).

## FACTUAL ALLEGATIONS

10. Defendant owns and/or operates an industrial construction business providing industrial insulation, heat tracing, fireproofing and coatings. In the past 3 years, Defendant has employed individuals as manual laborers in its industrial construction business including Plaintiffs and Members of the Class.

11. At all relevant times, Defendant has been and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. §203.

12. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

13. Plaintiffs and the similarly situated persons who may become Plaintiffs in this action are non-exempt current and/or former employees of Defendant who worked without being paid overtime compensation at a rate of one and a half times their regular rate.

14. Plaintiffs are non-exempt employees and thus deserving overtime compensation.

15. Defendant failed to comply with 29 U.S.C. § 201-208, in that Plaintiffs and Members of the Class performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs and Members of the Class overtime compensation for those hours worked in excess of forty hours within a work week.

16. Plaintiffs have retained the undersigned counsel to represent them in this action. Pursuant to the FLSA, Plaintiffs are entitled to recover all reasonable attorney's fees, litigation expenses, including expert fees, and costs incurred in this action.

17. Defendant's practice of requiring or permitting its non-exempt employees to perform work, in the form of spending time or conducting activities for the benefit of Defendant,

violates the FLSA because Plaintiffs and Members of the Class worked without receiving compensation at one and one-half times the regular hourly rate ("overtime compensation") for those hours worked in excess of forty hours in a work week.

18. The operation of Defendant's business, and the wages and compensation of Plaintiffs and the Class are substantially similar, if not identical.

19. Defendant knowingly failed to pay overtime compensation to Plaintiffs and others similarly situated in violation of the FLSA.

20. The conduct of Defendant, as set out above, has been willful and in bad faith, and has caused significant damages to Plaintiffs and the Class. Plaintiffs and the Class are entitled to liquidated damages for such conduct.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

21. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

22. Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA. Plaintiffs are aware that the illegal practices and policies of Defendant have been imposed on other workers.

23. Other similarly situated employees are being denied and have been denied their lawful wages.

24. Plaintiffs and the Members of the Class shared common job duties and responsibilities.

25. Thus, Plaintiffs' experiences are typical of the experience of the Members of the Class.

26. The specific job titles or job requirements of the various Members of the Class — to the extent that such titles or job duties were ever assigned—do not prevent collective treatment.

27. Defendant's pattern or practice of failing to pay minimum wages and overtime compensation as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Members of the Class.

28. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

29. All current and former employee of Defendant properly included as Members of the Class engaged in non-exempt work involving various manual labor duties at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime compensation.

30. Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. §216(b). Plaintiffs bring these claims for relief for violations of the FLSA as a collective action pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b). Plaintiffs bring these claims on their behalf and on behalf of Members of the Class who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

31. Plaintiffs request that Defendant identify all prospective Members of the Class in order that proper notice of their right to consent to participation in the collective action may be distributed, including their name, dates of employment, job title(s), last known address and phone number.

32. Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

33. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

34. Plaintiffs will fairly and adequately represent and protect the interests of the Members of the Class. Plaintiffs have retained counsel competent and experienced in complex employment matters and class actions.

## CAUSES OF ACTION: VIOLATIONS OF FLSA

35. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

36. Plaintiffs and all others similarly situated are considered non-exempt employees.

37. Plaintiffs and all others similarly situated are entitled to minimum wages and overtime pay for all hours in excess of 40 worked during each seven-day work week.

38. Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiffs and all other similarly situated employees overtime compensation at a rate of one and a half times their regular rate.

39. During Plaintiffs' employment they each routinely worked well in excess of 40 hours per week. Even though Plaintiffs and all others similarly situated worked well in excess of 40 hours per week, Defendant has failed to pay Plaintiffs and all others similarly situated for those hours worked in excess of 40 per week.

40. In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per work week, by Plaintiffs and other similarly situated employees.

41. Defendant has not made a good faith effort to comply with the FLSA.

42. Each Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

43. No exemption excused the Defendant from paying Plaintiffs and all others similarly situated minimum wages and overtime pay. Rather, Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding minimum wages and/or overtime compensation owed to Plaintiffs and other similarly situated employees.

44. By reason of the intentional, willful and unlawful acts of Defendant, Plaintiffs and Members of the Class have suffered damages and are incurring costs and reasonable attorney's fees.

45. Plaintiffs and all others similarly situated seek all unpaid minimum wages and overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, litigation expenses and costs as provided for by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Plaintiffs and all those similarly situated to them who have or will opt into this action, respectfully pray that this Court follow the certification procedures previously established pursuant to § 216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective Members of the Class, and that subsequent thereto Plaintiffs and all other Members of the Class recover the following:

a. Damages and restitution for all unpaid wages, unpaid overtime compensation (at one and one-half times their regular hourly rate of pay), and other injuries, as provided by the FLSA;

b. Liquidated damages, as provided by the FLSA;

c. All applicable penalties for the violations set forth herein;

d. Reasonable attorney's fees, with conditional awards in the event of appeal;

e. Pre-judgment interest at the highest rate permitted by law;

f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g. Litigation expenses and costs, including expert fees, as provided by the FLSA;

h. Costs of court;

i. Such other and further relief, at law or in equity, as this Court deems necessary.

Respectfully submitted,

/s/ Rhonda H. Wills
Rhonda H. Wills
Attorney-in-Charge
State Bar No. 00791943
Federal Bar No. 20699
WILLS LAW FIRM
2700 Post Oak Blvd., Suite 1350
Houston, Texas 77056
Telephone: (713) 528-4455
Facsimile: (713) 528-2047
Email: rwills@rwillslawfirm.com

**ATTORNEY FOR PLAINTIFFS**